**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT COURT OF LOUISIANA**

| | | |
|---|---|---|
| **ROBERT HAND,** | * | **CASE NO. _____** |
| **INDIVIDUALLY AND ON BEHALF OF** | * | |
| **OTHERS SIMILARLY SITUATED** | * | |
| **Plaintiff** | * | |
| | * | **JURY TRIAL DEMANDED** |
| **VERSUS** | * | |
| | * | |
| **GAT AIRLINE GROUND SUPPORT, INC.,** | * | |
| **AND G.A.T. - AIRLINE GROUND** | * | |
| **SUPPORT, INC.** | * | **CLASS AND COLLECTIVE ACTION** |
| *       *       *       *       *       *       * | * | |

**COMPLAINT**

 **NOW INTO COURT,** through undersigned counsel, comes plaintiff, Robert Hand,

individually and on behalf of all others similarly situated, and for his Complaint against defendants,

GAT Airline Ground Support, Inc., and G.A.T. - Airline Ground Support, Inc. (hereinafter

collectively referred to as "GAT"), states and alleges as follows:

**JURISDICTION AND VENUE**

1.

 The Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.,* authorizes court actions

by private parties to recover damages for violation of the FLSA's wage and hour provisions.

Jurisdiction over the FLSA's claims of plaintiff and other similarly situated employees are based on

29 U.S.C. § 216(b) and 29 U.S.C. § 1331.  This court also has jurisdiction over plaintiff's

state/common law claims pursuant to 28 U.S.C. §§ 1332 (d)(2) and/or 1367.

2.

Venue in this district is proper under 28 U.S.C. § 1391 (b) and (c), because GAT does business in this district and employs personnel to work in this district, and because substantial unlawful conduct giving rise to these claims occurred in this district.

## PARTIES

3.

Plaintiff, Robert Hand, resides in the Eastern District of Louisiana, and was employed by GAT during the months of April and May, 2012.  Plaintiff terminated his employment with GAT, in part, as a result of its unlawful pay practices.  Plaintiff's consent to join this action is attached hereto as Exhibit 1.

4.

Defendants, GAT Airline Ground Support, Inc., and G.A.T. - Airline Ground Support, Inc., are foreign corporations doing business in the Eastern District of Louisiana, and providing services at the New Orleans International Airport in Kenner, Louisiana.  At all times pertinent hereto, GAT was subject to the FLSA.

## STATEMENT OF THE CASE

5.

GAT employs personnel who provide ground support aviation services including under wing, passenger screening, and skycap services for various airlines at numerous airports across the country. By virtue of a company payroll policy, practice, and/or system, GAT automatically deducts one hour of break time for meals for employees.  Those employees, however, including plaintiff, systematically work during and/or through such periods, resulting in the performance of a significant

amount of compensable work without pay. Plaintiff, on behalf of himself and all others similarly situated, seek to recover those unpaid wages, and further seeks damages for breach of contract, quantum meruit and unjust enrichment, as well as liquidated damages, attorney's fees, legal interest, and all costs of these proceedings.

## GENERAL ALLEGATIONS

### 6.

Plaintiff and others similarly situated have consistently worked "off the clock" without pay. The meal break deduction policy is a payroll policy, practice, and/or system whereby a deduction of one hour of time is made for every six hours worked by employees of GAT. The assumption made by defendant is that plaintiff, and others similarly situated, do not work during this one hour meal break, but that assumption is often incorrect. Hourly employees of GAT regularly and routinely perform compensable work during the automatically deducted one hour meal break. As a result of this uncompensated work time, employees have been denied and continue to be denied pay in violation of the FLSA.

### 7.

The FLSA requires that employees are completely relieved of their duties during their entire meal break; otherwise, they are entitled to compensation for such period of time.

### 8.

Plaintiff and others similarly situated employees were not completely relieved of their duties during the meal break, inasmuch as they either worked through their meal break or were interrupted by calls to return to work. Defendant nonetheless deducted the entire one hour meal period from its employees' wages.

9.

No exemption under the FLSA applies to excuse GAT's failure to pay the appropriate wages to its hourly non-exempt employees.

10.

GAT management knew or should have known about this practice, yet failed to take measures to correct its improper payroll deductions.  When plaintiff confronted GAT management about these issues, management stated that it was company policy to deduct one hour of pay for every six hours worked by its employees.  Plaintiff's immediate supervisor further stated that the law required GAT to deduct one hour representing a meal period for every six hours worked.

11.

GAT's deliberate failure to pay plaintiff and others similarly situated their earned wages is a willful violation of the FLSA, such that Plaintiff demands payment for all improperly withheld wages for three (3) years prior to the day of filing of this action in accordance with 29 U.S.C. §255(a).

12.

The net effect for the policies and practices maintained and administered by GAT, instituted and approved by company managers, is that GAT willfully failed to pay owed wages and willfully failed to keep accurate time records to save payroll costs.  The failure to keep proper records is a violation of FLSA's record-keeping requirements pursuant to 29 U.S.C. §211(c).

13.

Inasmuch as GAT  has enjoyed ill-gained profits at the expense of its employees, Plaintiff and other similarly situated employees are entitled to damages for breach of contract, unjust

enrichment and quantum meriut.

## COLLECTIVE /CLASS ALLEGATIONS

### 14.

Plaintiff brings this case as an "opt-in" collective action under 29 U.S.C. § 216 (b) on behalf of all those who file a Consent to Join Form with the court.  Plaintiff, individually and on behalf of all other similarly situated employees of GAT within the last three (3) years, seek relief on a collective basis challenging GAT's practice of failing to accurately record and pay for all hours worked as well as other violations of the FLSA.  The number of other plaintiffs yet to "opt-in" and consent to be part of this litigation may be determined from GAT's records, and potential "opt-in" plaintiffs may easily and quickly be notified of the pendency of this action.

### 15.

Plaintiff brings Counts II - IV of this Complaint as a class action pursuant to Fed.R.Civ. Pro. 23, on behalf of himself and as the class representative of the following persons (the "Class"): All current and former employees who were paid on an hourly basis by GAT within the last ten (10) years preceding the date of filing this action.  Plaintiff's claims in Counts II - IV seek recovery of unpaid wages for which plaintiff and those similarly situated worked uncompensated hours "off the clock" as outlined hereinabove.

### 16.

Plaintiff's state/common law claims, if certified for class-wide treatment, are brought on behalf of all similarly situated employees who do not "opt-out" of the class.

17.

Plaintiff's state/common law claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action pursuant to Rule 23.

18.

The class satisfies the numerosity standards. The class consists of potentially thousands of persons, geographically disbursed throughout the country. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail and/or other methods.

19.

Questions of fact and law common to the class predominate over any questions affecting only individual members. The question of law and fact common to the Class arising from GAT's actions include, without limitation, the following: (1) whether GAT failed to pay class members wages for compensable work time;  (2) whether GAT failed to fully and accurately record the hours worked each day and each work week by class members;  (3) whether contracts existed between GAT and class members requiring payment of wages;  (4) whether GAT breached and violated the contracts with class members by failing to pay wages for time worked;  (5) whether GAT is liable to class members pursuant to quantum meruit; (6) whether GAT has been unjustly enriched by its failure to pay class members for time worked; and (7) whether GAT maintained a meal break deduction policy which automatically deducts one hour of time for every six hours worked by employees.

20.

The questions set forth above predominate over any questions affecting only individual persons, as a class action is superior with respect to considerations of consistency, economy,

efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of these state/common law claims.

21.

Plaintiff's claims are typical of those of the class, and the class members have been employed in the same or similar positions as plaintiff.

22.

A class action is the appropriate method for the fair and efficient adjudication of this controversy.  GAT has acted or refused to act on grounds generally applicable to the class.  The presentation of separate actions by individual class members creates a risk of inconsistent and various adjudications, establishing incompatible standards of conduct for GAT and/or substantially impairing or impeding the ability of class members to protect their interests.

23.

Plaintiff is an adequate representative of the class because his interest and the class interest do not conflict.  The interest of the members of the class would be fairly and adequately protected by plaintiff and undersigned counsel, who are experienced in prosecuting complex wage and hour, employment, and class action litigation.

24.

Maintenance of this action as a class action is a fair and efficient method for adjudicating this controversy.  It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action.  In addition, the maintenance of separate actions would place a substantially and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## COUNT I - VIOLATION OF THE FAIR LABOR STANDARDS ACT

25.

Plaintiff reasserts and realleges the allegations set forth above.

26.

At all material times herein, plaintiff and other similarly situated persons have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

27.

Plaintiff and all similarly situated employees are victims of an unlawful uniform compensation program/policy.

28.

Pursuant to 29 U.S.C. §§216 and 260, Plaintiff and all similarly situated employees are entitled to liquidated damages in an amount equal to the hours deducted from their pay checks representing the one hour lunch break automatically deducted by GAT.

29.

GAT has not acted in good faith nor does it have reasonable grounds to believe that its actions and omissions are not a violation of FLSA, and as a result thereof, plaintiff and other similarly situated employees are entitled to recover an award of a liquidated damages in an amount equal to the amount of unpaid wages. Alternatively, should the court find GAT did not act willfully in failing to pay compensation, plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

30.

As a result of the aforementioned willful violations of the FLSA's provisions, GAT is also

liable for reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §216.

## COUNT II - BREACH OF CONTRACT

31.

Plaintiff reasserts and realleges the allegations set forth above.

32.

During all times relevant, plaintiff and all other similarly situated entered into contracts with GAT whereby such persons agreed to perform services as part as their employment by GAT, and GAT agreed to compensate such persons for all such services based upon specified hourly rates of pay (hereinafter "the contracts").

33.

GAT breached and violated the contracts by failing to pay plaintiff and all others similarly situated for time worked.

34.

Prior to GAT's breach of the contracts, plaintiff and all others similarly situated performed their duties under the contracts.

35.

As a direct result of GAT's violations and breaches of the contracts, as aforesaid, plaintiff and all others similarly situated have been damaged.

36.

Plaintiff and all others similarly situated are entitled to damages equal to all unpaid wages due within ten (10) years preceding the filing of this Complaint, plus periods of equitable tolling.

37.

Plaintiff and the class are entitled to an award of prejudgment and postjudgment interest at the applicable legal rate.

## COUNT III - QUANTUM MERUIT

38.

Plaintiffs reassert and reallege the allegations set forth above.

39.

GAT recognized the benefits conferred upon it by plaintiff and others similarly situated.

40.

GAT accepted and retained the benefits under circumstances that would render such retention inequitable.

41.

GAT has thereby been unjustly enriched and/or plaintiff and others similarly situated have been damaged.

42.

The payment requested by plaintiff and others similarly situated for the benefits produced by them are based on customary and reasonable rates for such services or like services.

43.

Plaintiff and the class are entitled to damages equal to all unpaid wages due within ten (10) years preceding the filing of this Complaint, plus periods of equitable tolling.

44.

Plaintiff and the class are entitled to an award of prejudgment and postjudgment interest at

the applicable legal rate.

## COUNT IV - UNJUST ENRICHMENT

### 45.

Plaintiffs reassert and reallege the allegations set forth above.

### 46.

Through their labors, Plaintiff and others similarly situated conferred benefits on GAT, and GAT received such benefits conferred upon it by plaintiff and others similarly situated.

### 47.

GAT appreciated the fact of the benefits.

### 48.

GAT accepted and retained the benefits and circumstances that rendered such retention inequitable.

### 49.

GAT has thereby been unjustly enriched and plaintiff and others similarly situated have been damaged.

### 50.

Plaintiff and all other similarly situated employees are entitled to damages equal to all unpaid wages due within ten (10) years preceding the filing of this Complaint, plus periods of equitable tolling.

### 51.

Plaintiff and the class are entitled to an award of prejudgment and postjudgment interest at the applicable legal rate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all issues triable by jury.

**WHEREFORE**, plaintiff, Robert Hand, individually and on behalf of all those similarly situated, demand a trail by jury and judgment against GAT Airline Ground Support, Inc., and G.A.T. - Airline Ground Support, Inc., and pray for: (1) all unpaid wages; (2) liquidated damages; (3) attorney's fees and costs; (4) prejudgment and postjudgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

Respectfully submitted,

_/s/ George B. Recile_____
GEORGE B. RECILE, L.B.N. 11414
PRESTON L. HAYES, L.B.N. 29898
PATRICIA E. PANNELL, L.B.N. 18665
CHEHARDY, SHERMAN, ELLIS, MURRAY,
RECILE, GRIFFITH, STAKELUM & HAYES LLP
P. O. Box 931, One Galleria Blvd., Suite 1100
Metairie, LA  70004-0931
Telephone:  (504) 833-5600 Fax: (504) 833-8080

Attorneys for Plaintiff